## Pilot Point Water Works v. R. C. Fisher.

Decided April 21, 1906.

**Charge—No Issue—Error.**

In a suit for damages for failure to repair a well as per contract, charge of the court considered, and held erroneous because submitting an issue not raised by the evidence.

Appeal from the County Court of Denton County. Tried below before Hon. J. D. Ferguson.

*Walker & Mays* and *Alvin C. Owsley,* for appellant.

*Abernathy & Mangum* and *Smith & Sullivan,* for appellee.

STEPHENS, Associate Justice.—This suit was brought March 9, 1905, by appellee against appellants to recover five hundred dollars, with interest, claimed to be due as provided in a written contract, dated November 12, 1903, which obligated appellants to "fix up, clean out and overhaul R. C. Fisher's well at his ginnery in Frisco, Texas, and put the same in good shape and running order," and which further provided as follows: "but in case said well does not perform satisfactorily and do what is reasonable for such well to do and to furnish, then the said R. C. Fisher shall notify the Pilot Point Water Works and they hereby agree to come and remedy the defects if such defects can be remedied, and further if it developes that the well can not be fixed and made to do good work then on or before November 12, 1904, the Pilot Point Water Works agrees to either sink a new well or to pay back to the said R. C. Fischer the sum of ($500) five hundred dollars."

The answer of appellants pleaded compliance with the contract on their part as far as possible, and charged appellee with negligence in throwing cinders and ashes around the well and permitting the same to fall between the casing and pump pipe, "thereby wedging the pipe and casing in so tight that it rendered it impossible to ever pull either the casing or pump pipe," to which their final inability to remedy the defects in the well was ascribed.

The replication to this answer was to the effect that appellants had control of the well all the time, and were themselves to blame for its irremediable condition.

The evidence clearly raised the issue of negligence, as alleged, on the part of appellee, but there was no evidence whatever that appellants had the exclusive control of the well during the year covered by the written contract, in which the well was to be repaired and tested, for it was not only on the premises of appellee, but was used or attempted to be used by him during that time, while appellants only went to it or sent a man there to remedy defects when called on by the appellee.

The court erred in giving the following charge, since the evidence did not raise the issue, and since it deprived appellants of the benefit of a preceding paragraph of the charge submitting the issue of appellee's negligence raised, as above indicated, both by the pleading and evidence: "The jury is instructed that you will determine from all the evidence before you whether or not the well was under the control of the plaintiff or under the control and management of the defendant from November 12, 1903, until November 12, 1904, and should the jury find and believe from the evidence that the well was under control and management of the defendants and that you should find and believe that the defendants knew of the condition of said well and the existence of cinders and that the same would probably obstruct the well then it would be the duty of defendant to exercise ordinary care and prudence to prevent the

cinders and other substances from getting into said well, and if the jury find and believe from a preponderance of the evidence that the defendant had control and management of the well and that it was in such a condition as to endanger the well by the accumulation of cinders and you find that it became *choked* so that the pump pipe could not be drawn out and that for that reason the well could not be repaired and put in condition as the contract called for, then you are instructed that the defendant would not be released from liability on said contract."

In the second paragraph of the charge the court added to the language of the contract the following: "And to furnish sufficient water as was contemplated and understood by the parties in said contract," which, to say the least, was superfluous, and should have been omitted.

Assignments raising all other questions are without merit.

For the error first pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*